Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000407
19-APR-2017
09:21 AM

NOS. CAAP-15-0000407 and CAAP-15-0000727

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CAAP-15-0000407
NATIONSTAR MORTGAGE LLC, Plaintiff-Appellee,
v.
AKEPA PROPERTIES LLC, Defendant-Appellant,
and
DAVE BALANAY PAGULAYAN; BLANDENA BUENAFE PAGULAYAN,
Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-50; and DOE ENTITIES 1-10; and
DOE GOVERNMENTAL UNITS 1-10, Defendants

and

CAAP-15-0000727
NATIONSTAR MORTGAGE LLC, Plaintiff-Appellee,
v.
DAVE BALANAY PAGULAYAN; BLANDENA BUENAFE PAGULAYAN,
Defendants-Appellees,
and
AKEPA PROPERTIES LLC, Defendant-Appellant,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-50; and DOE ENTITIES 1-10; and
DOE GOVERNMENTAL UNITS 1-10, Defendants


APPEALS FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-1786)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

These two appeals have been consolidated by the court. In CAAP-15-0000407, Defendant-Appellant Akepa Properties LLC (**Akepa Properties**) appeals from an "Order Denying Defendant Akepa Properties LLC's Rule 60(b) Motion for Relief From Judgment and for Evidentiary Hearing" (**Order Denying Rule 60(b) Motion**), filed on April 14, 2015, by the Circuit Court of the First Circuit (**circuit court**).[1] In CAAP-15-0000727, Akepa Properties appeals from an "Order Approving Commissioner's Report, Confirming Commissioner's Sale of Property at Public Auction, Directing Distribution of Proceeds, and for a Writ of Possession" (**Order Confirming Sale**), a "Judgment on [Order Confirming Sale]" (**Judgment Confirming Sale**), and a "Writ of Possession," all entered on September 9, 2015, by the circuit court, in favor of Plaintiff-Appellee Nationstar Mortgage LLC (**Nationstar**).

On appeal, Akepa Properties contends the circuit court erred by: (1) effectively holding that Nationstar did not need to prove its standing to foreclose on the subject property; (2) denying Akepa Properties' Motion for Relief from Judgment under Rule 60(b) of the Hawai'i Rules of Civil Procedure (**HRCP**);[2] and (3) granting Nationstar's Motion for Confirmation of Sale, because material issues of fact remained for trial regarding Nationstar's standing.

Upon careful review of the record and the briefs

---

[1] The Honorable Bert I. Ayabe presided.

[2] HRCP Rule 60(b) provides, in pertinent part:

**Rule 60. RELIEF FROM JUDGMENT OR ORDER.**
. . . .
(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud . . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; . . . .

2

submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve the appeals by Akepa Properties as follows and affirm.

On May 6, 2014, the circuit court granted Nationstar's motion for summary judgment seeking a decree of foreclosure and also entered a Judgment on the decree of foreclosure (**Foreclosure Judgment**). Akepa Properties never appealed from the Foreclosure Judgment. Instead, on July 22, 2014, Akepa Properties filed its "Rule 60(b) Motion for Relief From Judgment and for Evidentiary Hearing" (**Rule 60(b) Motion**), arguing that there were numerous flaws in the assignment of the subject mortgage and that Nationstar did not have standing because it did not own the subject note. In terms of the provisions under HRCP Rule 60(b), Akepa's motion asserted primarily that there had been fraud warranting relief under HRCP Rule 60(b)(3), including fraud in the chain of title. The circuit court subsequently issued its Order Denying Rule 60(b) Motion, which Akepa Properties then appealed.

In the confirmation of sale proceedings, held after the Foreclosure Judgment, Akepa Properties continued to challenge Nationstar's standing to foreclose. Similarly, in its appeal from the circuit court's Judgment Confirming Sale, Akepa Properties continues to assert the standing issue.

In Mortgage Electronic Registration Systems, Inc. v. Wise, a foreclosure action, the Hawai'i Supreme Court held that the defendants-mortgagors' failure to appeal from the foreclosure judgment in that case "barred challenges to [the foreclosing plaintiff's] standing under the doctrine of res judicata." 130 Hawai'i 11, 12, 304 P.3d 1192, 1193 (2013). There, the court reasoned that:

> foreclosure cases are bifurcated into two separately appealable parts: (1) the decree of foreclosure and the order of sale, if the order of sale is incorporated within the decree, and (2) all other orders. It is evident that orders confirming sale are separately appealable from the decree of foreclosure, and therefore fall within the second part of the bifurcated proceedings.

3

Id. at 16, 304 P.3d at 1197 (citations and internal quotation marks omitted). Because the defendants in Wise never challenged the foreclosure judgment, it became final and binding. Id. at 17, 304 P.3d at 1198. The supreme court further explained:

> we conclude that res judicata would preclude Petitioners from challenging Respondent's standing in their appeal from the order confirming sale, despite the general proposition that a lack of standing may be raised at any time. Under the doctrine of res judicata, challenges to Respondent's standing were subsumed under the foreclosure judgment, which had became final and binding.

Id. (emphasis added). Wise is directly on point with regard to Akepa Properties' appeal from the Order Confirming Sale, such that Akepa Properties could not "again raise the standing objection previously asserted in the foreclosure proceeding in the subsequent confirmation of sale proceedings." Id. at 19, 304 P.3d at 1200.

Moreover, Akepa Properties' Rule 60(b) Motion also could not be used to further assert or resurrect its standing arguments. "It has been stated that a motion under Rule 60(b) is not a substitute for a timely appeal from the original judgment." Stafford v. Dickison, 46 Haw. 52, 57 n.4, 374 P.2d 665, 669 n.4 (1962); see also In re Hana Ranch Co., 3 Haw. App. 141, 147, 642 P.2d 938, 942 (1982)("[I]t ordinarily is not permissible to use [a 60(b)(6)] motion to remedy a failure to take an appeal.")(quoting Wright & Miller, Federal Practice and Procedure: Civil § 2864 (1973)).

In its appellate briefs, Akepa Properties makes little effort to address the requirements under Rule 60(b), but instead argues as if it had appealed from the Foreclosure Judgment. At most, Akepa Properties makes passing reference only to Rule 60(b)(4) in its reply briefs (whereas below it relied primarily on Rule 60(b)(3)). Thus, it appears Akepa Properties has waived any issues under HRCP Rule 60(b)(4). In any event, it does not appear that a challenge based on Rule 60(b)(4) would change the outcome.

The Hawai'i Supreme Court recently held that, in a foreclosure action, the foreclosing plaintiff must establish its standing at the commencement of the case. Bank of America, N.A. v. Reyes-Toledo, ___ Hawai'i ___, ___ P.3d ___, No. SCWC-15-0000005, Slip op. at *5 (Haw. Feb. 28, 2017). Nonetheless, lack of standing does not render a court's ruling void under HRCP Rule 60(b)(4). "In the sound interest of finality, the concept of a void judgment must be narrowly restricted." Cvitanovich-Dubie v. Dubie, 125 Hawai'i 128, 141, 254 P.3d 439, 452 (2011)(citations omitted). As multiple Hawai'i cases have recognized, "[i]t has been noted that a judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." Id. at 139, 254 P.3d at 450 (emphasis added)(quoting In re Hana Ranch Co., 3 Haw. App. at 146, 642 P.2d at 941); see also Dillingham Inv. Corp. v. Kunio Yokoyama Tr., 8 Haw. App. 226, 233-34, 797 P.2d 1316, 1320 (1990)("[I]f a court has the general power to adjudicate the issues in the class of suits to which the case belongs then its interim orders and final judgments, whether right or wrong, are not subject to collateral attack, so far as jurisdiction over the subject matter is concerned.") (citation omitted).

Here, there is no challenge based on personal jurisdiction, and an argument that a party lacks standing is not equivalent to challenging a court's subject matter jurisdiction. Rather, this foreclosure action is "'in the class of suits' that the [circuit] court 'has the general power to adjudicate.'" Cvitanovich-Dubie, 125 Hawai'i at 142, 254 P.3d at 453; see also Bank of Am., N.A. v. Kuchta, 21 N.E.3d 1040, 1045-47 (Ohio 2014) (discussing the differences between lack of standing and subject matter jurisdiction, and holding in a foreclosure case that the defendant was barred by res judicata from asserting an issue of

5

standing in a rule 60(b) motion). In sum, the circuit court properly denied Akepa Properties' Rule 60(b) Motion.[3]

Therefore, IT IS HEREBY ORDERED that the "Order Denying Defendant Akepa Properties LLC's Rule 60(b) Motion for Relief From Judgment and for Evidentiary Hearing," filed on April 14, 2015, and the "Judgment on Order Approving Commissioner's Report, Confirming Commissioner's Sale of Property at Public Auction, Directing Distribution of Proceeds, and for a Writ of Possession," filed on September 9, 2015, both entered by the Circuit Court of the First Circuit, are affirmed.

DATED: Honolulu, Hawai'i, April 19, 2017.

On the briefs:

Melodie Aduja,
(Aduja & Aduja)
for Akepa Properties LLC.

Jade Lynne Ching,
(Kee M. Campbell on the briefs),
for Nationstar Mortgage LLC.

Chief Judge

Associate Judge

Associate Judge

---

[3] This court reached a similar conclusion recently in Bank of America, N.A. v. Panzo, CAAP-14-0001356 and CAAP-15-0000660, 2017 WL 1194002 (Haw. App. Mar. 31, 2017)(SDO)(holding that when the foreclosure defendant's argument based on standing was barred by res judicata, the defendant could not seek relief under HRCP Rule 60(b)).